UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                  CASE NO.: 18-12431-JKO

DWIGHT REYNOLDS                            In proceedings under Chapter 11

Debtor
                                      /

## **DEBTOR'S PLAN OF REORGANIZATION**

      Dwight C. Reynolds, M.D. hereby submits to his creditors his Plan of Reorganization (the "Plan"), to be consistent with the Court approved Disclosure Statement (the "Disclosure Statement") pursuant to Chapter 11 of title 11, United States Code.

### ARTICLE 1
### DEFINITIONS

      Except as otherwise indicated, the terms used in the Code and applicable Bankruptcy Rule will have the meanings provided for therein. In addition, the following terms will have the following meaning:

      "Administrative Claimant" will mean any person entitled to payment of an administrative expense.

      "Administrative Expense" will mean any cost or expense of administration of the Chapter 11 cases entitled to priority under §507(a)(1) and allowed under §503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's Estate, and actual and necessary expenses of operating the business of the Debtor to the extent allowed by the Bankruptcy Court under the Bankruptcy Code and any fees or charges assessed against any of the Debtor's Estates under Chapter 11, Title 28, United States Code.

      "Allowed Claim" will mean a claim as defined in Section 101(4) of the Code with respect

1

to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003, or scheduled in the list of creditors prepared and filed with the Court, pursuant to Bankruptcy Rule 1007(b), and not listed as disputed, contingent or unliquidated as to amount and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation.

"Allowed Priority Claim" will mean an Allowed Claim entitled to priority under §507(a) of the Code.

"Allowed Priority Tax Claim" will mean an Allowed Priority Claim entitled to priority under §507(a)(8).

"Allowed Priority Wage Claim" will mean an Allowed Priority Claim entitled to priority under §507(a)(3).

"Allowed Secured Claim" will mean an Allowed Claim which is secured by a lien on property of the Estate of the Debtor or on the proceeds thereof, and which is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Code or applicable non-bankruptcy law.

"Allowed Unsecured Claim" will mean a claim against the Debtor which is not an Administrative Expense, Allowed Priority Claim, Allowed Secured Claim or the claim of an equity security interest holder.

"Bankruptcy Rules" will mean the rules of bankruptcy procedure governing cases under Title 11 of the United States Code as from time to time amended.

"Case" will mean these Chapter 11 Proceedings commenced by the Debtor on the filing date.

"Code" will mean the Bankruptcy Reform Act of 1978, 11 U.S.C. §101, et. seq., as amended.

"Confirmation or Confirmation Date"  The date of the entry of an Order by the Bankruptcy Court confirming this Plan; provided such Order becomes final.

"Court" will mean the United States Bankruptcy Court for the Southern District of Florida, having jurisdiction over the Case.

"Debtor's Estate" will mean all property of the Estate as defined by 11 U.S.C. §541.

"Effective Date" will mean a Date which is thirty (30) days from the Confirmation Date provided the Confirmation Order becomes final.

"Escrow Agent"  will mean Susan D. Lasky,  P.A.

"Escrow Fund"  will mean an interest bearing bank account maintained by the Escrow Agent and any interest earned thereon.

"Final Order" will mean an Order of the Bankruptcy Court as to which:  a) any appeal has been taken has been finally determined or dismissed; b) the time for appeal has expired and no Notice of Appeal has been filed; or c) if an appeal, reargument, certiorari, or rehearing thereof has been sought, such Order has not been stayed.

"Petition Date" will mean March 1, 2018.

"Rejection Claim" will mean a claim arising under §502(g) of the Code from the rejection of an executory contract or unexpired lease of the Debtor.

"Reorganized Debtor" will mean "Dwight C. Reynolds, M.D." after the Confirmation of the Plan proposed herein.

## ARTICLE 2
## ADMINISTRATIVE EXPENSES

3

Administrative Expenses of the type specified in 11 U.S.C. §503, §506© and §507(a)(1) which are authorized and allowed by the Court will be paid in full at Confirmation or as otherwise agreed upon between the parties. Susan D. Lasky P.A. was paid a pre petition retainer of $5,000.00. All fees for professional compensation payable from Debtor's funds are subject to Court approval.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Specifically, the Debtors will pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through the date of confirmation of the Plan, within fourteen (14) business days of the entry of an order confirming the Plan. Furthermore, the Debtors (as reorganized) will file with the Court post-confirmation Quarterly Operating Reports and pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another Chapter under the U.S. Bankruptcy Code.

## ARTICLE 3
## PRIORITY CLAIMS

**Priority Tax Claims**. Internal Revenue Service income tax: $27,715.88 (Claim 1-2). With respect to its claims of a kind specified in section 507(a)(8), the Internal Revenue Service will receive regular monthly installment payments with statutory interest commencing on the Effective Date (which is defined as the date which is thirty (30) days from the date of the entry of an Order by the Bankruptcy Court confirming this Plan; provided such Order becomes final) over a period ending not later than five (5) years after the Petition Date (approximately $451.88).

## ARTICLE 4
## CLASSIFICATION AND TREATMENT OF CLAIMS

**CLASS 1** will consist of the Allowed Secured Claim Wells Fargo N.A. which will be paid direct and outside of the plan of reorganization on its original terms and conditions, Wells Fargo N.A. shall retain all liens.

**CLASS 2** will consist of the Allowed Secured Claim filed of by Internal Revenue Service in the amount of $349,476.66 (claim 1-2) .  This claim will be paid in regular monthly installment payments with statutory interest commencing on the Effective Date  (which is defined  as the date which is thirty (30) days from the date of the entry of an Order by the Bankruptcy Court confirming this Plan; provided such Order becomes final) over a period ending not later than five (5) years after the Petition Date (approximately $5,824.61).   The Internal Revenue Service will retain all liens.

**CLASS 3** will consist of Allowed General Unsecured Claims which are less than $5,000.00.   Debtor will pay ten percent (10%) of the amount of each allowed general unsecured claim in this class on the Effective Date.

**CLASS 4**  will consist of Allowed General Unsecured Claims which are $5,000.00 or greater than $5,000.00. Debtor will pay an amount equal to ten percent (10%) of the allowed amount of each general unsecured claim in this class in equal monthly installments commencing on the Effective Date and continuing each month thereafter for sixty (60) months.

## ARTICLE 5
## MEANS OF IMPLEMENTATION

5.1     <u>Short Term Implementation.</u> Prior to Confirmation the Debtor will establish an Escrow Fund to be maintained by the Escrow Agent, <u>Susan D. Lasky, P.A.</u> . Debtor will deposit sufficient funds into the Escrow Fund to pay Administrative Expenses and make the first payment to all classes as set forth herein.  The Escrow Agent will be discharged after making the

5

distribution required by the Plan, without further Order of the Court.

    5.2    <u>Long Term Implementation.</u>  Distributions will be made from the Debtor's earnings from personal services and/or corporate distributions, if necessary.

## ARTICLE 6
## ACCEPTANCE OR REJECTION OF PLAN

    6.1    <u>Impaired Classes to Vote.</u>  Each impaired class of creditors with claims against the Debtor's Estate will be entitled to vote separately to accept or reject the Plan. **All classes are impaired and entitled to vote.**

    6.2    <u>Acceptance by Class of Creditors.</u> A Class of creditor will be deemed to have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (½) in number of the Allowed Claims of such Class.

    6.3    <u>Cramdown.</u>  In the event that the impaired Class of creditors with claims against any of the Debtor's Estate will fail to accept the Plan in accordance with §1129(a) of the Bankruptcy Code, the Debtor will request the Bankruptcy Court to confirm the Plan in accordance with §1129(b) of the Bankruptcy Code.

## ARTICLE 7
## EXECUTORY CONTRACTS

    Absent specific assumption in this proceeding, all executory contracts and unexpired leases are deemed rejected.

## ARTICLE 8
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS AND REJECTION CLAIMS

    8.1    <u>Provisions for Treatment of Disputed Claims.</u>  There are no unresolved disputed claims at this time.

    8.2    <u>Provision for Rejection Claims.</u> In the event the rejection of a contract gives rise to a Rejection Claim not otherwise provided for herein, the holder of such claim must file such

claim within thirty (30) days following the rejection of said contract or the Confirmation Hearing whichever occurs first. Such claim must, in addition to its filing with the Bankruptcy Court, be served upon the undersigned attorneys for the Debtor.

## ARTICLE 9
## PROVISIONS FOR FUTURE MANAGEMENT
## ARTICLES OF INCORPORATION AND BY-LAWS OF THE DEBTOR

9.1 Officers and Directors.  Debtor is an individual.

9.2 Articles of Incorporation and By-Laws. Debtor is an individual.

## ARTICLE 10
## RETENTION OF JURISDICTION AND RESERVATION OF RIGHTS

The assets of the Debtor will remain subject to the jurisdiction of the Bankruptcy Court until the Effective Date.  From and after Effective Date, the Bankruptcy Court will retain and have exclusive jurisdiction over the Reorganized Debtor for the purpose of determining disputes arising under this Plan, including, but not limited to, (a) to determine all disputes relating to claims and the allowance and amount thereof; (b) to consider and allow any and all applications for compensation for professional services rendered and disbursements incurred in connection therewith, during the pendency of the Chapter 11; © to determine any and all pending applications, motions, adversary proceedings, and contested or litigated matters pending on the Effective Date and arising in or related to this Plan; (d) to modify this Plan as provided or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order; (e) to enforce the provisions of this Plan relating to the distributions to be made; and (f) to issue such Orders as may be necessary to effectuate the consummation and full and complete implementation of this Plan.

**Reservation of Rights Under Sections 1141(d)(5) and 350(a)**. The Debtors reserve the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of

an Order of Discharge, upon the payment of the initial payment under the Plan, payment of all outstanding quarterly United States Trustees Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid inside the Plan to Class 2, 3 and 4 creditors, the Debtors may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b), and the Court may then grant the Debtors a discharge, pursuant to 11 U.S.C. § 1141(d)(5). This paragraph only preserves the Debtors' right to seek the relief described above and does not conclusively grant such relief. Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtors after confirmation.

## ARTICLE 11
## MISCELLANEOUS PROVISIONS

11.1    Discharge of Debtor.  The rights afforded in the Plan and the treatment of all creditors herein will be in exchange for and in complete satisfaction, discharge and release of the claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor as the Debtor in Possession or any of his assets or property. Except as otherwise provided herein, all such claims against the Debtor as the Debtor in Possession will be satisfied, discharged and released in full in accordance with §1141(d) (5)(A) of the Bankruptcy Code.  All creditors will be precluded from asserting against the Debtor or his respective assets or property any other or further Claim based upon any acts or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

11.2    Title to Assets: Discharge of Liabilities.  Except as otherwise provided by the Plan on the Confirmation Date, title to all property dealt with by the Plan will vest in the Debtor, as the case may be, in accordance with §1141 of the Bankruptcy Code, free and clear of all

claims and the Order confirming the Plan will be a judicial determination of discharge of the Debtor's liabilities, except as provided in the Plan.

  11.3 <u>Effect of Discharge on the Rights Between Third Parties.</u>  If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all creditors, whether or not they accept the Plan.

  11.4 <u>Filing of Additional Documents.</u>  On or before the Effective Date, the Debtor will file with the Bankruptcy Court such any documents that will be necessary to effectuate the Plan.

  11.5 <u>Section Headings.</u>  The section headings contained in the Plan are for reference purposes only and will not in any way affect the meaning or interpretation of the Plan.

        s/ *Dwight C. Reynolds*
        Debtor

  I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this 18th day of April, 2019 and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

        SUSAN D. LASKY
        Attorney for Debtor
        320 SE 18th Street
        Ft Lauderdale, FL 33316
        954-400-7474/954-206-0628 fax
        Sue@SueLasky.com

        By:_____
         SUSAN D. LASKY, ESQ.
         Florida Bar No. 451096