**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 18-12431-JKO |
| DWIGHT C. REYNOLDS MD, | Chapter 11 |
| Debtor. | |
| _____/ | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT CASE

Nancy J. Gargula, United States Trustee for Region 21, pursuant to 11 U.S.C. § 1112(b), respectfully moves this Court to enter an order dismissing or converting this case, and in support thereof states as follows:

1. On March 1, 2018, Dwight C. Reynolds MD (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code.

2. The United States Trustee has not appointed a committee of unsecured creditors as of the date of filing of the instant motion.

3. The Debtor has failed to file the monthly operating reports ("MOR") for the last six (6) months (February 2019 – July 2019).

4. Additionally, the Debtor has failed to confirm a reorganization plan in the almost eighteen (18) months that this bankruptcy case has been pending.[1]

## RELIEF REQUESTED

5. By way of this Motion, the United States Trustee seeks dismissal or conversion of this case.

---

[1] The United States Trustee notes that although the Debtor filed a disclosure statement and a plan of reorganization on April 18, 2019, no hearing has been set on the disclosure statement.

1

6. Dismissal or conversion of Chapter 11 cases is governed by Section 1112(b), which provides that a bankruptcy court shall convert or dismiss a case, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

7. The term "cause" is not defined by the Bankruptcy Code, but Section 112(b)(4) lists sixteen (16) examples of cause which justify dismissal or conversion:

> A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

      (P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

See 11 U.S.C. § 1112(b)(4).

8. In this case, the record supports a finding of cause, at a minimum, under

    a. §1112(b)(4)(A) where the Debtor continues to incur the administrative expenses in this chapter 11 case, when there appears to be no likelihood of rehabilitation as evinced by the Debtor's failure to file MORs for the last six (6) months and the failure to confirm a plan of reorganization in almost eighteen (18) months;

    b. §1112(b)(4)(B) where the Debtor's failure to file MORs for the last six (6) months and failure to confirm a plan in eighteen (18) months evinces, at a minimum, gross mismanagement of his financial affairs; and

    c. §1112(b)(4)(F) where the Debtor has failed to file MORs for the last six (6) months.

9. Moreover, without the benefit of review of the MORs for the last six (6) months, the United States Trustee does not know whether additional grounds exist for dismissal or conversion of this case.

WHEREFORE, the United States Trustee respectfully requests the entry of an order dismissing the above-captioned chapter 11 case, or converting this case to a case under chapter 7; and for such other and further relief as the Court may deem just and proper.

DATED:   September 6, 2019.

                                               Nancy J. Gargula
                                               United States Trustee
                                               Region 21

/s/   Zana M. Scarlett
Zana M. Scarlett, Trial Attorney
Florida Bar No.: 626031
U.S. Trustee's Office
51 SW 1st Ave., Room 1204
Miami, FL 33130
Phone: (305) 536-7285
Fax: (305) 536-7360

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on September 6, 2019, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on parties not appearing electronically:

Susan D. Lasky       ECF@suelasky.com , ecfsuelasky@gmail.com; r48532@notify.bestcase.com

Paul L. Orshan       paul@orshanpa.com , seelenams@gmail.com

Steven Petri       steve.petri@usdoj.gov , Milton.pacheco@usdoj.gov ; Shannon.patterson@usdoj.gov

Steven G. Powrozek       spowrozek@logs.com , electronicbankruptcynotices@logs.com


/s/       Zana M. Scarlett
Zana M. Scarlett, Trial Attorney